IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

CHARLES GENTRY RODGERS
ADC #87695                                                                                    PETITIONER

VS.                                           5:07CV00229 JTR

LARRY NORRIS, Director,
Arkansas Department of Correction                                              RESPONDENT

**ORDER**

Petitioner has filed a Notice of Appeal (docket entry #40) and an Amended Notice of Appeal. (Docket entry #41). The Court collectively will construe Petitioner's Notices as a Motion for a Certificate of Appealability.

On November 12, 2009, the Court entered a Memorandum and Order (docket entry #37) and Judgment (docket entry #38) dismissing this habeas action, with prejudice.[1] As to Petitioner's first and fifth claims, the Court concluded that the Arkansas Supreme Court's disposition of those claims was neither "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court

---

[1]Petitioner argued that: (1) the trial court improperly limited his cross-examination of the victim; (2) the trial court improperly limited his attempt to present the victim's inconsistent statements through the testimony of a police detective; (3) the trial court gave an improper Allen charge to the deadlocked jury; (4) his right to a speedy-trial right was violated; (5) he was provided ineffective assistance of counsel; and (6) he was denied his due process right to a pretrial determination of his competency.

1

proceeding." *See* 28 U.S.C. § 2254. The Court rejected Petitioner's remaining claims for habeas relief because: (1) Petitioner procedurally defaulted them in state court; and (2) Petitioner failed to demonstrate any exceptions to the procedural default rule.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that an appeal from the dismissal of a habeas action cannot be taken unless the trial court *or* the court of appeals grants the prisoner a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1). In *Slack v. McDonnell*, 529 U.S. 473, 484 (2000), the Court clarified that when a district court denied a habeas petition on the *merits,* a COA may be issued only if the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." In contrast, when a district court denies a habeas petition on *procedural grounds*, without reaching the merits of the prisoner's underlying constitutional claim, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484 (emphasis added). Importantly, the COA request must be denied if the prisoner fails to satisfy either prong of this two-part test. *Id*. at 485.

As previously mentioned, the Court denied the habeas Petition in part on the merits, and in part on procedural grounds. Based upon well-established and controlling precedent, the Court concludes that reasonable jurists would not find the Court's assessment of the constitutional claims, on the merits, to be debatable or wrong. Similarly, the Court also concludes that jurists of reason would not find it debatable whether the Court was correct in its procedural rulings.

Accordingly, the Court will deny Petitioner's Motion for a Certificate of Appealability. If

Petitioner wishes to appeal the Court's dismissal of his habeas action, *he must obtain a certificate of appealability from the Eighth Circuit Court of Appeals* pursuant to 28 U.S.C. § 2253(c)(1).

IT IS THEREFORE ORDERED THAT Petitioner's Notice of Appeal and Amended Notice of Appeal (docket entries #40 and #41), collectively construed as a Motion for a Certificate of Appealability, are DENIED.

Dated this 10th day of December, 2009.

_____
UNITED STATES MAGISTRATE JUDGE